|  |  |
|---|---|
| | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYLER APPEL,<br><br>      Plaintiff,<br><br>  v.<br><br>KING COUNTY CORRECTIONAL FACILITY,<br><br>      Defendant. | CASE NO. 2:21-cv-00621-MJP-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT |

This matter is before the undersigned on referral from the District Court and on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint. Dkt. 1. Under 28 U.S.C. § 1915A, the Court screens prisoner complaints such as plaintiff's proposed complaint (Dkt. 1-1) to determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Here, plaintiff's proposed complaint does not, as drafted, state a claim upon which relief can be granted. However, the Court will offer plaintiff an opportunity to amend his proposed complaint to correct the deficiencies identified in this Order. If plaintiff chooses to

amend his proposed complaint, he must file his amended proposed complaint on the Court's form, on or before **June 25, 2021**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

Plaintiff should be aware that should the Court grant his IFP motion, he would be required to make partial payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* motion at this time. So, plaintiff has not yet incurred this expense. Instead, the Clerk shall renote the *in forma pauperis* motion for the Court's consideration on June 25, 2021. Thus, if plaintiff chooses not to proceed with this case, he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for *in forma pauperis* status at this time.

## DISCUSSION

Plaintiff, who is incarcerated in the King County Jail, seeks to bring a claim against the King County Correctional Facility ("KCCF") for violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. 1-1, at 4. Plaintiff alleges that in January 2021, he inquired whether there were any religious services or programs provided for Native Americans at KCCF and that KCCF responded that there were no such services or programs provided. Dkt. 1-1, at 5. Plaintiff alleges that he has thus been denied appropriate access and opportunities to participate in ceremonies of his Native American religion. Dkt. 1-1, at 9.

He further alleges that on February 15, 2021, he filed a complaint regarding this issue and that KCCF staff offered to allow him a visit with the jail chaplain, who is Christian. Dkt. 1-1, at

9. Plaintiff alleges that this was inadequate because he does not share the same religious affiliation as the chaplain and that this offer is not responsive to his request for access to the religious materials and space needed for his religious ceremonies. Dkt. 1-1, at 9. Plaintiff requests injunctive relief—specifically he requests that KCCF be directed to draft a policy that recognizes and supports his religion and gives him space and resources to exercise his religious ceremonies. Dkt. 1-1, at 14.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Here, plaintiff names the KCCF, but that entity is not a "person" for § 1983 purposes. The KCCF is an entity of King County and, as such, is not a proper defendant in this action. *See Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.").

Plaintiff may amend his complaint to name King County as a defendant. However, plaintiff should be aware that when a plaintiff seeks to proceed against a county under § 1983, he cannot hold the county liable simple because it employs a person who violated his constitutional rights. This is because under § 1983, supervisory liability is not sufficient. Instead, plaintiff must show that "the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (explaining theories of liability against a municipality, such as a county).

///

**CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK'S OFFICE**

Due to the deficiency described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a signed and dated amended complaint and within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) each constitutional right or statute that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **June 25, 2021**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(e).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order. And the Clerk's Office shall renote the motion to proceed *in forma pauperis* (Dkt. 1) for June 25, 2021.

Dated this 25th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge