UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYLER APPEL,<br><br>             Plaintiff,<br><br>    v.<br><br>KING CNTY. CORR. FACILITY et al.,<br><br>             Defendants. | CASE NO. **2:21-cv-00621-MJP-JRC**<br><br>ORDER TO SHOW CAUSE |

    Plaintiff brought this action under 42 U.S.C. § 1983. Dkt. 1-1. Before this Court is plaintiff's motion to dismiss ("motion"). Dkt. 11. As discussed below, this Court orders plaintiff to show cause why this Court should not grant this motion and dismiss the case.

    On July 26, 2021, plaintiff filed an amended complaint. Dkt. 8. On the same day, this Court granted his motion to proceed *in forma pauperis* ("IFP") and ordered service of the amended complaint upon defendants. Dkts. 1, 7, 9. Defendants have yet to answer.

    On August 2, 2021, plaintiff filed this motion. Dkt. 11. He states that he is "not moving forward with [his] civil rights complaint." *Id.* at 1. He so states because he allegedly "cannot pay the partial filing fee [and] cannot make any payments." *Id.* He asks "for his case to be dismissed

ORDER TO SHOW CAUSE - 1

and [for] no money to be taken from [his] account or if money has already been taken from [his] account then for it to be put back [in his] account." *Id.*

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing a notice of dismissal before the opposing parties have filed their answers or motions for summary judgment. The dismissal is without prejudice unless the notice states otherwise. Fed. R. Civ. P. 41(a)(1)(B). Plaintiff's notice does not state otherwise.

Here, in his motion to dismiss, plaintiff unequivocally states that he is not moving forward with this case. Therefore, because defendants have yet to answer, it appears that this Court should treat this motion as a notice of voluntary dismissal and dismiss the case without prejudice. *Ramirez-Ramos v. Ryan*, No. CV188086PCTNVWJFM, 2019 WL 885624, at *6 (D. Ariz. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 859690 (D. Ariz. Feb. 22, 2019).

However, plaintiff appears to believe that, if this Court dismisses the case, he will not have to pay the statutory filing fee. He is incorrect.

The $350 statutory filing fee is mandatory. 28 U.S.C. § 1914(a) ("The clerk . . . shall require the parties instituting any civil action . . . to pay a filing fee of $350 . . . ."); 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). The initial partial filing fee is also mandatory. *See* 28 U.S.C. § 1915(b)(1) ("The court shall assess . . . an initial partial filing fee . . . ."). Except the initial partial filing fee, the IFP litigant must make these payments in installments. *See* 28 U.S.C. § 1915(b)(1)–(2).

Plaintiff contends that he cannot pay the initial partial filing fee or make any installment payments. If plaintiff means that he does not want to pay the initial partial filing fee or make any

installment payments, this Court cannot accommodate him. Again, an IFP litigant is required to pay the full $350 filing fee.

Plaintiff may mean that he does not presently have the funds to pay the initial partial filing fee. However, if this is true, "a hold [would be] placed [on his prisoner] trust account . . . to ensure that [he would] be required to pay the initial fee as soon as sufficient funds [were] credited to his account." *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002). Thus, plaintiff would not "be prohibited from bringing and prosecuting [this] civil rights action because of his inability to pay the initial fee." *Id.* at 851.

The same is essentially true for installment payments. After paying the initial partial filing fee, plaintiff would have to "make monthly payments of 20 percent of the preceding month's income credited to [his] account," provided that "the amount in [his] account exceed[ed] $10." *See* 28 U.S.C. § 1915(b)(2). So, if plaintiff did not have any income credited to his account for the preceding month, or if the balance in his account did not exceed $10, he would not have to make such payments until the statute's conditions were satisfied. *See id.* But, to be clear, he would still be "required to pay the full $350 filing fee mandated by . . . §§ 1914(a) and 1915(b)(1), [and] any future funds credited to his prison trust account [would be subject] to the installment payment provisions set forth in . . . § 1915(b)(2)." *See Gieck v. Thomas*, No. CV 06-2719 IEG (JMA), 2007 WL 9718708, *1 (S.D. Cal. Feb. 2, 2007).

Finally, plaintiff asks for a refund of any money that has already been taken from his prison trust account. This Court lacks such authority. *Grindling v. Martone*, No. CIV. 12-00361 LEK, 2012 WL 4502954, at *1–2 (D. Haw. Sept. 28, 2012) ("[Section] 1915 does not provide any authority or mechanism for the court to waive payment of a prisoner's filing fee, or to return

the filing fee after [voluntary] dismissal of an action."); *accord Reed v. Newsom*, No. 3:20-CV-2439-AJB-MDD, 2021 WL 3406283, at *3 (S.D. Cal. Aug. 4, 2021) (collecting cases).

In sum, plaintiff's motion shows that he believes that he will not have to pay the $350 filing fee if he voluntarily dismisses this case. Now that this Court has explained to him that he will still have to pay that fee, it is unclear whether he will want to dismiss the case or continue with it.

Accordingly, this Court **ORDERS** as follows:

1. Plaintiff must file a response to this show cause order by **October 4, 2021**. In his response, he must state whether he wants to voluntarily dismiss this action or continue with it.

2. The response must not exceed **three (3) pages** in length.

3. If plaintiff does not file a response to this show cause order within **October 4, 2021**, or if he otherwise fails to comply with this order, **this Court will dismiss this case**.

Dated this 3rd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge