UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TYLER APPEL,

            Plaintiff,

    v.

KING COUNTY, *et al.*,

            Defendants.

CASE NO. 2:21-cv-00621-MJP-JRC

ORDER DIRECTING PERSONAL SERVICE BY UNITED STATES MARSHAL ON DEFENDANTS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. The Clerk's Office has attempted to effect service pursuant to Federal Rule of Civil Procedure 4(d), but Defendants have not timely returned a signed Waiver of Service of Summons. *See* Dkt. 9.

(1)    <u>Consent</u>

The Clerk is directed to issue the Notice of Option of Consent to Magistrate Judge J. Richard Creatura.

(2)    <u>Service by United States Marshal</u>

The United States Marshal is therefore ORDERED to personally upon Defendants the summons, the amended complaint, a copy of this Order, and copy of the Notice of Option to

Consent. The Clerk shall issue summonses and assemble the necessary documents to effect this personal service.

(3) <u>Response Required</u>

Within **thirty (30) days** after service, Defendants shall: (A) file and serve an answer or a motion directed to the amended complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure; and (B) show cause why they should not be assessed the cost of personal service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

(4) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

(5) <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all Court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their Court filings on the Court or defendants by mail. Service by mail of your Court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer

required.

(6) <u>Motions, Generally</u>

Any request for Court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the Court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(7) <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Fed. R. Civ. P. 12 and motions for summary judgment pursuant to Fed. R. Civ. P. 56 should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss (for failure to exhaust administrative remedies) or motions for summary judgment **MUST serve *Rand* and *Wyatt* notices concurrently with their motions so that *pro se* prisoner plaintiff will have fair, timely, and adequate notice of what is required in order to oppose those motions.** *Woods v. Carey*, 684 F.3d 934, 934 (9th Cir. 2012). The Ninth Circuit set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial**.

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies). Notices may also note that LCR 7(b)(2) states that a party's failure to

file necessary documents in opposition to a motion for summary judgment may be deemed by the Court to be an admission that the opposition is without merit.

(8) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(9) The Clerk is directed to send copies of this Order, the Notice of Option to Consent, and the Court's *pro se* instruction sheet to plaintiff.

Dated this 20th day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge