1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    TYLER APPEL,

11                            Plaintiff,

12            v.

13    KING COUNTY, *et al.*,

14                            Defendants.

CASE NO. 2:21-cv-00621-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 21, 2022

15

16            This 42 U.S.C. § 1983 matter is before the undersigned on referral from the District Court

17    and on defendants' motion to dismiss.  Dkt. 21.

18            Plaintiff, a pretrial detainee who proceeds *pro se*, brings suit against King County and

19    two County correctional officers (Nancy Garcia and Karen Pohio[1]) for violation of his First

20    Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

21    42 U.S.C. §§ 2000cc, *et seq.*  Defendants move to dismiss all claims.  Dkt. 21.  Their motion to

22    _____

23            [1] Although this defendant is named as "Karen Ponio" in the complaint, the Court uses
      Ms. Pohio's last name in this Report and Recommendation as she spells it in the motion to

24    dismiss.

REPORT AND RECOMMENDATION - 1

1    dismiss should be granted in part and denied in part.

2          Liberally construed, plaintiff's complaint includes a cognizable claim against King

3    County for violating RLUIPA and the First Amendment by prohibiting plaintiff from engaging

4    in a religious ceremony known as "smudging," a Native American practice referring to the

5    burning of sage and aromatic herbs.  *See Mickel v. Wolff*, No. 379CV-00239-LRH-VPC, 2008

6    WL 80548, at *2 (D. Nev. Jan. 4, 2008).  However, to the extent that plaintiff brings claims for

7    denial of religious services and materials other than his smudging-related requests, his

8    allegations are too vague to state claims upon which relief can be granted.

9          The District Court should therefore dismiss, with leave to amend, plaintiff's claims *other*

10   *than* those against defendants for violating RLUIPA and the First Amendment related to his

11   request for smudging space and materials.  To the extent that plaintiff brings claims against

12   defendants Garcia and Pohio in their individual capacities for damages under RLUIPA, these

13   claims are not viable, and the District Court should dismiss them without leave to amend.  The

14   District Court should give plaintiff 30 days from the date of the Order on this Report and

15   Recommendation to file an amended complaint, if he wishes to proceed on additional claims to

16   those related to smudging.

                                    **BACKGROUND**

17

18         Plaintiff initiated this matter in May 2021.  Dkt. 1.  In the operative complaint (Dkt. 8),

19   plaintiff alleges that in January 2021, he inquired whether there were "any religious services for

20   Native Americans" at the King County Correctional Facility, and the jail chaplain informed

21   plaintiff that the jail held no such services.  Dkt. 8, at 4.  Plaintiff claims that he filed a complaint

22   form about this issue and asked for "specific religious materials" and "space" for religious

23   ceremonies.  Dkt. 8, at 5.  His allegations do not specifically state the particular religious

24

1    materials that he sought or the religious ceremonies for which he requested space. *See* Dkt. 8, at

2    5.

3        According to plaintiff, defendant Pohio responded to his complaint and denied his request

4    for materials and space, citing "King County guidelines." Dkt. 8, at 5. Plaintiff then appealed

5    this response, and defendant Garcia allegedly failed to correct the issue and refused to provide

6    him space for conducting ceremonies, instead directing him to request materials from the

7    chaplain. Dkt. 8, at 5. Plaintiff alleges that the chaplain then denied his request. Dkt. 8, at 5.

8    Plaintiff seeks damages and injunctive relief—specifically, that the Court direct King County to

9    draft a policy recognizing and protecting his right to practice his religion freely. Dkt. 8, at 9.

10        Defendants have filed a motion to dismiss and provided a warning to plaintiff that if the

11   Court grants his motion to dismiss, it will be dispositive of his case. *See* Dkts. 21, 22. Plaintiff

12   has filed a letter that the Court informed the parties it would treat as a response. Dkts. 23, 24.

13   The matter is ripe for consideration.

**DISCUSSION**

14

15   **I. Legal Standard**

16        In reviewing a motion to dismiss, the Court takes all well-pleaded factual allegations as

17   true and considers whether the complaint "states a claim to relief that is plausible on its face."

18   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).

19   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements, do not suffice." *Id.* Because plaintiff proceeds *pro se*, the Court liberally construes

21   his complaint. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017).

22   **II. King County**

23        Defendants seek dismissal of the claims against King County on the basis that the

24

1    allegations are too scant to amount to a cognizable claim for a constitutional or RLUIPA

2    violation.  Dkt. 21, at 4.  The Court disagrees inasmuch as plaintiff raises a claim about

3    smudging but otherwise agrees with defendants.

4    **A. Smudging Claims**

5            Plaintiff has pleaded a cognizable claim that King County violated RLUIPA and the First

6    Amendment by refusing to allow him materials for "smudging" as part of his religious practice.

7    Although plaintiff frames his allegations against King County in the body of complaint—

8    complaining of denial of "religious services," "religious materials," and "space" to conduct his

9    ceremonies, plaintiff attaches to his complaint a notice from the chaplain's office stating that

10   plaintiff is not allowed to "[s]mudge for religious purposes" and that smudging is "prohibited."

11   Dkt. 8, at 13; *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555

12   (9th Cir. 1989) (the Court may look to materials attached as exhibits to a complaint when

13   deciding a motion to dismiss).  It is therefore a reasonable interpretation of plaintiff's claims,

14   liberally construed, that he is alleging that King County effectively prohibits all smudging by

15   detainees.  *See also Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) ("[A]n

16   outright ban on a particular religious exercise is a substantial burden on that religious exercise."

17   (Citations omitted.)).

18           Defendants argue that this claim must be construed as, if anything, a claim that plaintiff

19   sought to smudge *indoors*.  Dkt. 21, at 14.  They are incorrect.  It is a reasonable inference from

20   the complaint, as alleged, that King County does not allow smudging in the place of plaintiff's

21   detention, regardless of whether it is indoors or outdoors.  Liberally construed, this claim is

22   enough to survive a motion to dismiss.  *See generally Rogers v. Giurbino*, 625 F. App'x 779,

23   782–83 (9th Cir. 2015) (noting that deciding whether challenged actions were reasonably related

24

1    to legitimate penological interests—as relevant to a viable free exercise claim—is an issue best

2    addressed at summary judgment or trial).[2]

3          Defendants assert that plaintiff must show a County policy or practice was the moving

4    force behind the constitutional violations and that plaintiff has failed to do so here.  Dkt. 21, at 9.

5    In a § 1983 action against a municipality, supervisory liability is not enough to establish liability,

6    and a plaintiff must generally show that a municipal policy or custom was the moving force

7    behind the constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658,

8    694 (1978).  But *Monell* is a case about § 1983—not RLUIPA—and defendants provide no

9    authority concluding that a claim under RLUIPA cannot proceed against a municipality on a

10   theory of supervisory liability.  Indeed, other courts have concluded that RLUIPA does allow

11   such a claim.  *E.g.*, *Agrawal v. Briley*, No. 02 C 6807, 2004 WL 1977581, at *14 (N.D. Ill. Aug.

12   25, 2004) ("RLUIPA appears implicitly to authorize [supervisory] liability against

13   municipalities[.]").  Defendants' reliance on *Monell* is not a persuasive reason to dismiss the

14   RLUIPA claims against the County.

15         In any event, plaintiff has adequately pleaded that County policy was the moving force

16   behind the alleged constitutional and RLUIPA violations.  As noted, it is a reasonable inference

17   that his request for religious materials included a request for materials and space for a smudging

18   ceremony, and he states that defendant Pohio cited County "guidelines" as the basis for denying

19   his request.  *See* Dkt. 8, at 5.  A plaintiff alleging a § 1983 claim against a municipality must go

20   beyond making conclusory allegations, such as that the actions occurred under "the ordinances,

21   regulations, customs, and practices" of a municipal defendant.  *See AE ex rel. Hernandez v. Cty.*

22

23         [2] Although unpublished decisions of the Ninth Circuit are not precedent and are not
     generally binding on this court (*see* Ninth Circuit Rule 36-3), they have persuasive value and

24   indicate how the Ninth Circuit applies binding authority.

*of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Here, liberally construed, plaintiff alleges that he requested space and materials for smudging (among other things) but that defendant Pohio relied on County guidelines to deny his request. In conjunction with the chaplain's notice that smudging was prohibited, this is enough to plausibly allege that a County policy was the moving force behind the alleged violations. Therefore, the Court declines to recommend dismissal of plaintiff's smudging claims against the County.

## B. Non-Smudging Claims

As noted, plaintiff alleges constitutional violations beyond merely denying him materials and space for smudging. He more generally alleges that he was denied religious services, religious materials, and space to conduct his ceremonies, although it is not clear what other particular options plaintiff sought. Nor is it clear whether plaintiff is alleging a complete denial of ability to practice his religion. These allegations are too vague to amount to a colorable claim under either the First Amendment or RLUIPA. To the extent that plaintiff brings allegations against the County for matters other than denial of space and materials for smudging, the District Court should dismiss his claims. The District Court should grant plaintiff leave to amend in this regard because amendment would not be futile.

## III. Claims against Garcia and Pohio

Defendants argue that the claims against Garcia and Pohio must be dismissed on the basis of qualified immunity and because certain claims are not cognizable under RLUIPA. Dkt. 21, at 4. The Court disagrees that defendants are entitled to qualified immunity, at this stage, and agrees in part with the RLUIPA argument.

## A. Qualified Immunity

Beginning with defendants' qualified immunity argument, the Court observes that

1    plaintiff's complaint does not appear to seek injunctive relief from the individual defendants, as

2    his requested injunctive relief is directed toward King County.  Dkt. 8, at 9.  Therefore, the Court

3    construes the complaint as bringing only damages claims against defendants Garcia and Pohio.

4         Qualified immunity shields government officials from liability for damages if their

5    conduct did not violate "clearly established statutory or constitutional rights of which a

6    reasonable person would have known" at the time.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818

7    (1982); *see also Haley v. Donovan*, 250 F. App'x 202, 203 (9th Cir. 2007) (qualified immunity

8    applies to RLUIPA claims).  Dismissal on qualified immunity grounds may be appropriate where

9    even taking the allegations in the complaint as true, qualified immunity would shield the

10   defendants from liability.  *See Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (explaining

11   that qualified immunity should be resolved at the earliest possible stage in the litigation).

12        As noted above, plaintiff's allegations are somewhat vague but appear to encompass

13   more than simply the denial of the ability to engage in a smudging ceremony.  Because the

14   undersigned recommends granting plaintiff leave to amend to clarify his factual allegations in

15   this regard, resolving qualified immunity at this stage in this case would be premature.  *See*

16   *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) ("Determining claims of qualified

17   immunity at the motion-to-dismiss stage raises special problems for legal decision making.").

18   The contours of the rights at issue are not yet clearly defined.  *See also Long v. Sugai*, No. CV

19   19-00235 JMS-RT, 2020 WL 7482010, at *11 (D. Haw. Dec. 18, 2020) (citing case law that if a

20   prison denied a prisoner any right to practice his religion, the right at issue would be clearly

21   established).  The undersigned therefore recommends that the District Court decline, at this

22   juncture, to dismiss any claims based on qualified immunity grounds but allow the individual

23

24

defendants to renew their qualified immunity arguments at an appropriate later date.

### B. RLUIPA Claims

Defendant also argue that damages claims against the individual defendants under RLUIPA are not cognizable.  Dkt. 21, at 4.

As defendants point out, damages claims against individual prison officials in their individual capacities are not viable under RLUIPA.  *Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014).  However, contrary to defendants' arguments, damages claims may be brought against individual defendants in their official capacities where, as here, the defendants are employers of a local government unit, such as a county.  *E.g.*, *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1168 (9th Cir. 2011)

Therefore, to the extent that plaintiff is bringing any individual capacity claims against defendants Pohio and Garcia under RLUIPA, the District Court should dismiss those claims without leave to amend, as amendment would be futile where RLUIPA does not allow such claims.  However, plaintiff may still bring damages claims against these defendants in their official capacities, except as otherwise dismissed.

### CONCLUSION

For the reasons set forth above, the Court recommends granting the motion to dismiss in part and denying it in part.  All of plaintiff's claims should be dismissed with leave to amend, except to the extent that he brings claims against defendants under the First Amendment and RLUIPA for refusal to provide materials and space for smudging ("the smudging claims"), these claims survive.  In addition, his claims against individual defendants in their individual capacities for damages under RLUIPA are dismissed *without leave to amend* and should not be realleged.  Plaintiff should be allowed 30 days from the date of the Order on this Report and

1  Recommendation to file an amended complaint, if he wishes to bring claims other than the

2  smudging claims, that corrects the deficiencies identified with his First Amendment and

3  RLUIPA claims.  *See supra*, Discussion, part II(B).

4        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

7  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

8  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

9  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

10 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 21,**

11 **2022,** as noted in the caption.

12       Dated this 4th day of January, 2022.

13

14                                           J. Richard Creatura

15                                           Chief United States Magistrate Judge

16

17

18

19

20

21

22

23

24